**UNITED STATES DISTRICT COURTS**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | |
|---|---|
| **HOWARD WILSON,** ) | |
|     **Plaintiff,** ) | |
| ) | |
|     **v.** ) | **Case No. 26-1113-SEM-DJQ** |
| ) | |
| **STATE OF ILLINOIS,** *et al.,* ) | |
|     **Defendants.** ) | |

## ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiff Howard Wilson, proceeding *pro se* and presently incarcerated at Menard Correctional Center, has filed a Complaint (#1) naming as defendants the State of Illinois, McClean County, the City of Bloomington, and the State's Attorney's Office. Plaintiff asserts claims for breach of contract, false arrest, false conviction, false imprisonment, producing false proof, prosecutorial misconduct. He seeks $75 million in damages.

## BACKGROUND

After asserting the above claims, Plaintiff's Complaint proceeds by way of letter that does not make any reference to those claims.

1

Rather, the letter concerns Plaintiff's other legal cases, past and present, in this court, the Southern District of Illinois, and the Seventh Circuit Court of Appeals.[1]

Plaintiff filed a lawsuit in the Southern District of Illinois in 1999 against the State of Illinois, the McClean County State's Attorney's Office, and various employees of that office. That matter was transferred to this court in case number 99-CV-1014 and voluntarily dismissed after District Judge Michael Mihm found that a petition for writ of habeas corpus was a more proper vehicle for Plaintiff's claims. Plaintiff writes in his letter that he wishes to refile that case and give it a new case number. He has attached the "Notice of Law Suit" from that case. It includes many of the same "claims" he raises here, and also requests $75 million in damages.

## ANALYSIS

Pursuant to 28 U.S.C. § 1915A, the Court must "screen" Plaintiff's complaint and, through such process identify and dismiss any legally insufficient claim or the entire action if warranted. A

---

[1] The first page of Plaintiff's letter is not included in his pleading, and the letter makes multiple references to the recipient contacting this court, both of which suggest the letter was originally written for other purposes.

claim is defective if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While the court at this stage accepts the factual allegations in a complaint as true and liberally construes them in the plaintiff's favor, it will not accept as true any legal assertions, threadbare recitals of the elements of a cause of action, or conclusory statements. *Iqbal,* 556 U.S. at 678.

Plaintiff has not stated any claim. He has not described anything that any defendant has done to violate any of his rights under the United States Constitution or to otherwise violate some federal law. Plaintiff's Complaint is a laundry list of causes of

action, unaccompanied by any factual allegations that might render those claims plausible. His cross-reference to his 1999 case, which he wishes to "refile" here, is insufficient. *See Daniels v. Brown*, 2022 WL 2286896, at *2 (S.D. Ill. June 24, 2022) ("Although pro se pleadings are given great deference, if the Court is required to scour exhibits from different cases to understand a claim, it is not clearly pled.").

Accordingly, Plaintiff's Complaint is dismissed in its entirety.

**IT IS THEREFORE ORDERED:**

1.    Plaintiff's Complaint (#1) is DISMISSED.

2.    Plaintiff is granted leave to replead. Plaintiff shall have 28 days to file an amended complaint if he believes he can state a claim. If he does not do so the case will be dismissed without prejudice for failure to state a claim.

ENTERED May 20, 2026.


s/ *Sue E. Myerscough*

_____

**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**

4