1:26-cv-01113-SEM-DJQ    # 22    Filed: 07/20/26    Page 1 of 6

E-FILED
Monday, 20 July, 2026  03:53:44 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURTS**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | |
|---|---|
| **HOWARD WILSON,** | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No. 26-1113-SEM-DJQ** |
| | ) |
| **STATE OF ILLINOIS,** *et al.*, | ) |
| **Defendants.** | ) |

## <u>ORDER</u>

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiff Howard Wilson, proceeding *pro se* and presently
incarcerated at Menard Correctional Center, filed a Complaint (#1)
in this case on March 24, 2026. In a Merit Review Order (#16)
entered on May 20, 2026, the Court dismissed that Complaint for
failure to state a claim and granted Plaintiff 28 days to file an
amended pleading. A subsequent Text Order (#19) extended the
amended pleading deadline to July 15, 2026.

On July 7, 2026, Plaintiff filed a Letter (#20) addressed to the
Clerk. Therein, Plaintiff insists that his original Complaint stated
"plenty of federal claims." In substance, the letter, which is just over

1

two pages in length, appears to be an attack on Plaintiff's criminal conviction and sentence. Plaintiff states that the trial judge violated his rights under the United States and Illinois constitutions. He also mentions prosecutorial misconduct. And he asserts that his sentence of natural life in prison is void because it violates the *ex post facto* clauses of the federal and state constitutions.

Though docketed simply as a letter, Plaintiff's filing could be construed as a motion to reconsider the Court's Merit Review Order. If construed as such, the Motion is denied. See *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) ("To prevail on a motion for reconsideration under Rule 59, the movant must present either newly discovered evidence or establish a manifest error of law or fact. A 'manifest error' is not demonstrated by the disappointment of the losing party." (cleaned up)).

If construed as an Amended Complaint, Plaintiff's pleading must be dismissed for failure to state a claim upon which relief can be granted.

Pursuant to 28 U.S.C. § 1915A, the Court must "screen" Plaintiff's Amended Complaint and, through such process identify

2

and dismiss any legally insufficient claim or the entire action if warranted. A claim is defective if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Any claims that would tend to undermine Plaintiff's conviction or sentence are plainly barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). See *Olivier v. City of Brandon, Mississippi*, 607 U.S. 552, 556 (2026) ("*Heck* prohibits the use of § 1983 to challenge the validity of a prior conviction or sentence so as to obtain release from custody or monetary damages."). While challenges to conditions of confinement fall under § 1983, "[a]ttacks on the fact or duration of the confinement come under § 2254." *Williams v. Wisconsin*, 336 F.3d 576, 579 (7th Cir. 2003).

The only claims contemplated in Plaintiff's Letter are those tending to undermine his conviction or sentence. Such claims

3

should be raised in a habeas petition. *Id.* "[W]hen a suit that should have been prosecuted under the habeas corpus statute is prosecuted as a civil rights suit instead, it should not be 'converted' into a habeas corpus suit and decided on the merits. It should simply be dismissed, leaving to the prisoner to decide whether to refile it as a petition for habeas corpus" *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999) (citations omitted). While the Seventh Circuit has allowed for civil rights actions to be recharacterized as habeas petitions in certain circumstances, such a course would not be appropriate here. See *Henderson v. Bryant*, 606 F. App'x 301, 304 (7th Cir. 2015) ("Although a court can recharacterize a civil-rights claim as a habeas petition, it should only do so where the complaint names the correct defendants and seeks the correct relief.").

Accordingly, construing Plaintiff's Letter as an amended complaint, the Court dismisses it for failure to state a claim.

Plaintiff has now had two opportunities to state a federal claim upon which relief could be granted. Not only has he failed in both instances to state such a claim, but he has not alleged any sort of

4

facts that might even hint at a claim. See Merit Review Order (#16, pp. 3-4) ("[Plaintiff] has not described anything that any defendant has done to violate any of his rights under the United States Constitution or to otherwise violate some federal law. Plaintiff's Complaint is a laundry list of causes of action, unaccompanied by any factual allegations that might render those claims plausible.").

"Courts should grant pro se litigants leave to amend a complaint at least once, unless it is certain from the face of the complaint that amendment would be futile or otherwise unwarranted." *Johnson v. Piontek*, 799 F. App'x 418, 420 (7th Cir. 2020). It is now clear to the Court that further amendment would be futile. This matter is therefore dismissed with prejudice.

**IT IS THEREFORE ORDERED:**

1.   To the extent that Plaintiff's Letter (#20) is construed as a Motion to Reconsider the Court's dismissal of Plaintiff's original Complaint (#1), it is DENIED.

2.   To the extent that Plaintiff's Letter (#20) is construed as an Amended Complaint, it is DISMISSED with prejudice for failure to state a claim.

3. This matter is now closed.

ENTERED July 20, 2026.

s/ *Sue E. Myerscough*

_____

**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**